24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Florencio Caridad NUNEZ-SANCHEZ; Nilda Justina
Gonzalez-Montes; Elizabeth Nunez-Gonzalez; Mabel
Maria Nunez-Gonzalez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70692.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1994.*
Decided April 18, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Both the Immigration Judge and the Board applied the "well-founded fear" standard to the Nunez-Sanchez family's asylum claim. The Judge noted "[t]he 9th Circuit has concluded that the 'well-founded fear' standard and the 'clear probability' standard are different and that the former is more generous than the latter." The Board cited Cardoza-Fonseca v. I.N.S., 480 U.S. 421, 423 (1987), and concluded the Nunez-Sanchez family failed to demonstrate "a reasonable person in either of the primary respondents' circumstances would fear persecution on account of race, religion, nationality, membership in a particular social group, or political opinion in Cuba." The record does not support petitioners' claim that the Board failed to conduct a de novo review.
 
 
 3
 The record supports the Board's holding that the family failed to present evidence of past persecution or a well-founded fear of future persecution. Mr. Nunez-Sanchez testified (1) he did not agree with the Cuban government's politics but neither he nor his family had ever been personally persecuted; (2) people who want to leave Cuba are watched; (3) the Cuban government watches everyone; (4) the Cuban government gave the family passports to leave Cuba; (5) he was a member of the government's defense committee of the revolution; and (6) he fears imprisonment if he returns to Cuba because the government will consider him an enemy because he left Cuba.
 
 
 4
 Mrs. Nunez-Sanchez testified (1) she wanted to bring her diabetic daughter to the United States to receive better medical treatment; (2) the Cuban government denied her daughter educational and employment opportunities after the government learned the family was leaving Cuba; (3) the government watched the family; (4) she refused to belong to the government's defense committee of the revolution; and (5) the government never imprisoned the Nunez-Sanchez family.
 
 
 5
 The Cuban government did not detain or imprison the Nunez-Sanchez family and gave the family passports to leave Cuba. See Rodriguez-Rivera v. I.N.S., 848 F.2d 998, 1006 (9th Cir.1988) (alien obtained passport from government and his family continued to live unharmed in El Salvador both factors in undercutting claim of well-founded fear of persecution). The government denied educational and employment opportunities to the daughter, but this occurred after the government learned the family was leaving Cuba. See Zalega v. I.N.S., 916 F.2d 1257, 1260 (7th Cir.1990) (termination of employment not sufficient to establish persecution). The government watched everyone, not just them. See De Valle v. I.N.S., 901 F.2d 787, 791-92 (9th Cir.1990) (insufficient evidence of persecution based on imputed political opinion where no individualized showing of persecution).
 
 
 6
 Petitioners failed to establish their fear of future persecution was objectively justified by offering credible, direct and specific evidence of facts that would support a well-founded fear of persecution. De Valle, 901 F.2d at 790. They presented no evidence showing similarly situated persons were detained or imprisoned. They offered no evidence supporting their claim that they would be persecuted and imprisoned personally due to the current political climate in Cuba or that the government engaged in a pattern of behavior rising to the level of persecution.
 
 
 7
 Because the family failed to establish past persecution or a well-founded fear of persecution, we need not address whether they met the more stringent standard of a clear probability of persecution, which is required for a withholding of deportation. See De Valle, 901 F.2d at 790.
 
 
 8
 The petition for review is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and legal arguments and we will not repeat them here